Robert C. Pearman, Jr., Esq., SBN 077719
robert_pearman@gshllp.com
GONZALEZ SAGGIO & HARLAN LLP
3699 Wilshire Boulevard, Suite 890
Los Angeles, California  90010
Tel: 213 487-1400
Fax: 213 487-1402

Attorneys for Plaintiffs TUNA PROCESSORS, INC., and RICHARD FRIEND

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TUNA PROCESSORS, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>PHILIPPINE KINGFORD CORPORATION, a Philippine corporation,<br><br>　　　　　　　　Defendant. | Case No. 08-02657 GAF (SSx)<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUBSTITUTION OF A PARTY**<br><br>Hon. Gary A. Feess<br><br>Date:　June 24, 2013<br>Time:　9:30 a.m.<br>Room:　740 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   TUNA PROCESSOR, INC.'S, SUSPENSION DOES NOT BAR THE CORPORATION'S ASSIGNMENT OF RIGHTS AND INTERESTS TO FRIEND NOR HIS MOTION ...................................................................................1

III.  AS ASSIGNEE, FRIEND HAS A REAL INTEREST IN MOVING FOR RELIEF, LEAVE SHOULD BE GRANTED TO ADD FRIEND AS A PARTY. ....................................................................................................................2

IV.   CLOSING. ..............................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

**Both** Richard Friend and Tuna Processors, Inc. (hereinafter "TPI") have moved for an order to allow the substitution of named Plaintiff/Judgment creditor to Richard Friend.

After TPI obtained the judicial entry of judgment on an arbitration award, TPI assigned the judgment claim to Richard Friend (see Exhibit A to Motion), which included all rights and interests to the judgment and the claim against these defendants.

Sometime after entry of this federal judgment, it was ascertained, as Defendant, Philippine Kingford (hereinafter Kingford), points out, that TPI was suspended by the state of California under California Revenue and Tax Code §23301. However, this suspension does not bar the ability of TPI to contract nor does it invalidate TPI's assignment of judgment to Friend *nor Friend's ability to move* for the requested relied in the Motion.

And as Friend is an assignee with real interest in the litigation, this court should grant the Motion for Substitution of a Party.

## II. TUNA PROCESSOR, INC.'S, SUSPENSION DOES NOT BAR THE ASSIGNMENT OF RIGHTS AND INTERESTS TO FRIEND NOR HIS MOTION

The suspension of a California corporation does not bar a corporation's ability to contract under California law, and as such does not bar contractual assignments of rights and interests. Cal. Rev. & Tax. Code § 23304.1 goes on to state: "Every contract made in this state by a taxpayer during the time that the taxpayer's corporate powers, rights and privileges are suspended or forfeited pursuant to Section 23301…shall… be voidable at the instance of any party to the contract other than the taxpayer." This means that while TPI is suspended, every contract TPI enters into is voidable by other parties to the contract, but these contracts are valid until another *party to the contract* moves to declare the contract voidable. *See* Cal. Rev. & Tax. Code § 23304.5. Additionally, an assignment is treated as a contract under California law. *See Bank of California v. Connolly*, 36 Cal. App. 3d (Ct. App. 1973).

- 1 -
**PLAINTIFF'S REPLY BRIEF SUPPORTING ITS MOTION FOR SUBSTITUTION OF A PARTY**

1      For example, in *Damato v. Slevin*, 214 Cal. App. 3d 668 (Ct. App. 1989), a suspended corporation assigned CEO, Damato, the right to collect arrear payments on a contract and sublease with Slevin. This assignment was valid as against the world, except voidable by opposing party Slevin as Slevin was an original party to the contract at issue. *Id*. at 674.

Here, TPI and Friend have entered into an assignment of a judgment agreement, where TPI assigned all rights and interests in the judgment claim against Kingford to Friend. Here, Kingford is *not* a party to the assignment of the judgment lien interest, and as such cannot void the contract between TPI and Friend.

Kingford cites no case, and we believe none exist, which would bar the assignment, or the Motion made by the assignee, or the court's granting of the requested relief under its authority pursuant to Federal Rules of Civil Procedure Rule 25(c).

### III.   AS ASSIGNEE, FRIEND HAS A REAL INTEREST IN MOVING FOR RELIEF, LEAVE SHOULD BE GRANTED TO ADD FRIEND AS A PARTY

Given that TPI created a valid assignment contract with Friend, as the assignee he has a real interest in this litigation. Under California law, a judgment creditor may assign a judgment to a third person. Cal. Civ. Code § 954. In doing so, the judgment creditor assigns the debt upon which the judgment is based. *North v. Evans*, 1 Cal. App.2d 64 (Ct. App. 1934). Through such an assignment, the assignee ordinarily acquires all the rights and remedies possessed by the assignor for the enforcement of the debt, subject to the defenses that the judgment debtor had against the assignor. *Great Western Bank v. Kong*, 90 Cal. App. 4th 28 (Ct. App. 2001). An assignment of a judgment is deemed perfected as against third persons once executed and delivered to the transferee in writing. Cal. Civ. Code § 954.5, *Fjaeran v. San Bernardino County Board of Supervisors* (1989) 210 Cal.App.3d 434, 440-441**.** **"(I)t** allows an assignee to obtain a *writ of execution, or to use other enforcement remedies provided for in the Code Civil Procedure.*" At 440. Further, an assignee of right may become an assignee of record if it files with the clerk of the court which entered the judgment an acknowledgment of assignment of judgment. Cal. Civ. Code § 673.

We note that Kingford's ability to challenge this assignment is limited and has not been properly attacked here by its motion opposition.

*The Rutter Guide: Enforcing Judgments And Debts* [6:1542.6] "Validity of assignment not open to challenge under § 673:

> "The scope of Ca Civ Pro § 673 (above) is limited to the process for an assignee to obtain standing to proceed under the EJL as the judgment creditor. No provision is made therein for a debtor to attack the creditor's authority to make the assignment or otherwise to challenge assignment of the judgment. Any challenge to the assignment must be raised in a separate proceeding. [See *California Coastal Comm'n v. Allen*, supra, 167 Cal.App.4th at 327, 83 Cal.Rptr.3d at 909-910]."

Here, TPI has assigned the judgment properly to Friend and has filed an acknowledgement of assignment of judgment with this court. Friend, the assignee, has acquired all rights and remedies that TPI possessed for the enforcement of the debt subject to defenses that the judgment debtor had against the assignor. Friend, via the judgment assignment, has been transferred the interest of the right to enforce the judgment against Kingford and as such, has standing to enforce the judgment as a substituted party to this action and *he* is not barred by Cal. Rev. & Tax. Code § 23301. *See* Fed. R. Civ. P. 25 (c). The Motion to Substitute TPI for Friend should be granted to reflect Friend's assignee interest and in the interests of judicial efficiency.

## IV.   CLOSING

Nothing in the opposition rebuts moving parties' reliance on Rule 25(c), which is really a sound rule in furtherance of judicial and practical efficiency, and allows an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit. *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 191 (8th Cir.1995). The decision to grant or deny substitution on the basis of a transfer of interest rests in the Court's discretion. *Educational Credit Mgmt. Corp. v. Bernal*, 207

F.3d 595, 598 (9th Cir.2000). "For instance, a proper rationale to allow the substitution is if the transferee's presence would facilitate the conduct of the litigation." Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1958 (2d Ed.1986) (footnote omitted) (hereafter *Wright* § 1958).

For the aforementioned reasons and the reasons stated in the initial motion for substitution of party, moving parties/Plaintiffs and each of them respectfully request that this Court grants the Motion for Substitution of Richard Friend in place of TPI, as it is within the discretion of this Court and would be in the interests of justice and judicial efficiency.

Date: June 10, 2013

**GONZALEZ SAGGIO & HARLAN LLP**

By: Robert C. Pearman, Jr., Esq.
Attorneys for Plaintiffs

- 4 -

**PLAINTIFF'S REPLY BRIEF SUPPORTING ITS MOTION FOR SUBSTITUTION OF A PARTY**

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is: GONZALEZ SAGGIO & HARLAN LLP, 3699 Wilshire Boulevard, Suite 890, Los Angeles, California 90010.

On June 10, 2013, I served the **PLAINTIFF'S REPLY BRIEF SUPPORTING ITS MOTION FOR SUBSTITUTION OF A PARTY** on the parties in this action by placing the originals in a sealed envelope addressed as follows:

Kien C. Tiet, Esq.
LAW OFFICES OF KIEN C. TIET
4808 Baldwin Avenue, Suite 204
Temple City, California 91780

Said service was effectuated as follows:

☒ **VIA FIRST CLASS MAIL:**
☐ I deposited such envelope(s) in the mail at Los Angeles, California.
☒ I have caused such envelope(s) to be deposited in the mail at Los Angeles, California.

The envelope(s) was/were mailed with postage fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing an affidavit.

Executed on June 10, 2013, at Los Angeles, California. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

DECLARANT

_____
Rhoel Garcia