UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2657 GAF (SSx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | Tuna Processors, Inc. v. Philippine Kingford Corporation | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

**ORDER RE: MOTION TO SUBSTITUTE JUDGMENT CREDITOR**

**I.
INTRODUCTION & BACKGROUND**

This action arises from the modified arbitral award in the amount of $1,750,846.10 awarded in favor of Plaintiff, Tuna Processors, Inc. ("TPI") and against Defendant Philippine Kingford Corporation ("PKC"). The facts of this action were summarized in the Court's October 28, 2008 Order denying PKC's motion to vacate judgment, (Docket No. 20, [10/28/08 Order]), which the Court will briefly restate. In 2003, TPI entered into a contract with PKC to permit PKC to utilize TPI's patented method for curing fish. (10/28/08 Order at 2.) In 2006, a dispute arose out of that contract, which was litigated through the International Center for Dispute Resolution. (Id.) The arbitrator issued a modified award in favor of TPI in the sum of $1,750,846.10. (Id.) TPI attempted, unsuccessfully, to collect on the award, causing it to file suit in this Court to confirm the award and reduce it to judgment. (Id.) The Court confirmed the award on September 17, 2008, after PKC failed to respond to TPI's petition. (Docket Nos. 9, 10.) The Court subsequently denied PKC's motion to vacate the judgment. (10/28/08 Order.)

TPI and the assignee of the judgment, Richard Friend, now move to have the Court substitute Friend as the judgment creditor pursuant to Federal Rule of Civil Procedure 25(c). (Docket No. 26, [Mot. to Sub. ("Mem.")].)[1] TPI assigned its interest in the judgment to Friend

---

[1] The Court, on its own motion, **STRIKES** PKC's opposition. (Docket Nos. 27-29.) Those documents were filed by an attorney, Kien C. Tiet, who purports to represent PKC, though he is yet to be properly substituted in this action. PKC had an attorney of record, and "[w]hen an attorney of record for any reason ceases to act for a party, such a party must appear *pro se* or appoint another attorney by a written substitution of attorney signed by

**LINK: 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2657 GAF (SSx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | Tuna Processors, Inc. v. Philippine Kingford Corporation | | |

and now seeks to substitute Friend into this action in its place.  (Id. at 1-3.)  For the reasons that follow, the Court finds substitution inappropriate at this time and **DENIES** the motion.

**II.**
**DISCUSSION**

Federal Rule of Civil Procedure 25(c) states that: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3)."  Fed. R. Civ. Proc. 25(c).  Rule 25(c) is one of convenience, which "is designed to allow the action to continue unabated when an interest in the lawsuit changes hands."  In re Covington Grain Co., 638 F.2d 1362, 1364 (5th Cir. 1981).  The Court's authority under Rule 25(c) is discretionary.  Educational Credit Mgmt. Corp. v. Bernal (In re Bernal), 207 F.3d 595, 598 (9th Cir. 2000); see also Dodd v. Pioche Mines Consol., Inc., 308 F.2d 673, 674 (9th Cir. 1962) ("[S]ubstitution . . . rested in the discretion of the district court and was not mandatory").  Substitution should be granted when "the transferee's presence would facilitate the conduct of the litigation."  In re Bernal, 207 F.3d at 498 (internal quotations and citation omitted).

On April 2, 2013, TPI "assigned its right, title and interest in the judgment, including rights of collection and enforcement, and right to the unpaid amounts, any interest thereon and costs of collection, to Richard Friend."  (Mem. at 2.)  This motion should be ministerial, but, as TPI acknowledges, it has been "suspended by the state of California under California Revenue and Tax Code § 23301."  (Docket No. 30, [Reply to Mot. to Substitute ("Reply")] at 1.)  Given that development, the Court cannot grant this motion.  Under California law, a "corporation may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes," Reed v. Norman, 309 P.2d 809, 812 (Cal. 1957); Cal. Rev. & Tax Code § 23301.  California courts make clear that "except for filing an application for tax-exempt status or amending the articles of incorporation to change the corporate name, a suspended corporation is disqualified from exercising any right, power or privilege."  Timberline, Inc. v. Jaisinghani, 64 Cal. Rptr. 2d 4, 6 (Cal. App. 2d Dist. 1997).  TPI cannot take any action that "requires judicial intervention for its validity, regardless how minimal the activity."  Id. at 7.  As the Timberline court noted, "invocation of the benefits of California laws and the assistance of the California judicial system" are "rights and privileges . . . reserved to those corporations which pay their franchise taxes in a timely fashion and remain in

the party and the attorneys."  C.D. Local Rule 83-2.3.3.  There is no record of PKC having substituted in Mr. Tiet.

**LINK: 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2657 GAF (SSx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | Tuna Processors, Inc. v. Philippine Kingford Corporation | | |

good standing with the California Secretary of State and taxing authorities." Id. at 8.   It is evident that the purpose of Cal. Rev. & Tax Code § 23301 "is to put pressure on the delinquent corporation to pay its taxes . . . ." Id. at 7.

Additionally, the Court notes that because an assignee of a judgment simply stands in the shoes of assignor, Friend takes the judgment with the same rights ***and liabilities*** as TPI.  See Wright & Co. v. Levy, 12 Cal. 257, 262 (Cal. 1859) ("[T]he assignee of the judgment is only the holder of an equity, with the right to use the judgment and the name of the plaintiff to enforce it, and stands in the shoes of the assignor, as to all defenses which existed against the judgment between the parties to it."); Johnson v. County of Fresno, 4 Cal. Rptr. 3d 475, 482 (Cal. App. 5th Dist. 2003) ("The assignment merely transfers the interest of the assignor.  The assignee stands in the shoes of the assignor . . . .") (internal quotations and citation omitted).[2]  TPI was suspended long before it made the assignment to Friend.  Accordingly, Friend has the same capability - or lack thereof - to move for substitution as would TPI.  It would be anomalous indeed if Friend, as the mere assignee, gained more rights than TPI would have.  It would be even more anomalous to say that TPI, which had long since been suspended by the time it assigned its rights to Friend, could evade the application of Cal. Rev. & Tax Code § 23301 by the simple expedient of assignment.  There are various rights that TPI cannot (and at the time of assignment could not) exercise under California law due to its suspended status.  To permit Friend to be substituted and thus avoid the implications of TPI's suspended status would contravene the clear intent of Section 23301.

Moreover, the Court notes that Friend appears to be a corporate insider, which even more strongly suggests that an effort to circumvent California law may be behind the transfer.   TPI expressly argues that Friend, its registered agent for service of process, "has been transferred the interest of the right to enforce the judgment against Kingford . . . and *he* is not barred by Cal. Rev. & Tax Code § 23301." (Reply at 3.)  The Court concludes that the mandate of § 23301 cannot be so easily evaded.  In any event, for the reasons discussed in the preceding paragraphs, even if the Court were to grant this motion, Friend's presence would not facilitate the conduct of the litigation until TPI rectifies its situation with the California Franchise Tax Board.  The Court exercises its discretion and **DENIES** the motion.

---

[2] The Court does not take issue with the assignment itself, which appears to have been proper under Cal. Rev. & Tax Code § 23304.1.  See also Performance Plastering v. Richmond American Homes of California, Inc., 63 Cal. Rptr. 3d 537, 545 (Cal. App. 3d Dist. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2657 GAF (SSx) | Date | June 14, 2013 |
|---|---|---|---|
| Title | Tuna Processors, Inc. v. Philippine Kingford Corporation | | |

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to substitute.  Additionally, the Court **STRIKES** PKC's opposition papers.  The hearing presently scheduled for June 24, 2013 is hereby **VACATED**.


**IT IS SO ORDERED.**